IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION

MALIK SHABAZZ,                    §
(Tarrant No. 0687369)             §
VS.                               §   CIVIL ACTION NO.4:07-CV-591-Y
                                  §
                                  §
ELIZABETH BERRY,[1] Judge,        §
Criminal District Court No. 3,    §
Tarrant County, Texas, et al.     §

         OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
           1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
               (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Malik Shabazz's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Shabazz, an inmate at the Tarrant County jail, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants Elizabeth Berry, judge, Criminal District Court Number 3, Tarrant County, Texas; and Tim Curry, district attorney, Tarrant County, Texas. (Compl. Style; § IV(B).) Shabazz alleges the following complaints about the proceedings before the state trial court: violation of his right to a speedy trial during detention on a charge of evading arrest via motor vehicle; being subjected to an enhancement even though not yet been found guilty; denied due process of law; held in bondage without being convicted of a crime; and denied equal protection of the law. (Compl. § V.) Shabazz seeks a finding that his rights have been violated, that

---

[1] As Elizabeth Berry is listed in the "Parties" section of the complaint, and plaintiff Shabazz makes no distinct claims against the Criminal District Court umber 3 itself, the clerk of Court is directed to change the identification of the first listed defendant on the docket.

this Court eradicate the charges against him, and hold an immediate trial. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Shabazz's claims must be dismissed.

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

With regard to any claims against Judge Elizabeth Berry for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[7] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[8] Because the complained-of conduct by Judge Berry was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Criminal District Court Number Three of Tarrant County, Texas, Judge Berry is entitled to absolute immunity from any monetary damages claims.

Likewise, Tim Curry is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[9] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[10] Here, even assuming Plaintiff's

---

[7] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[8] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

[9] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[10] *Imbler,* 424 U.S. at 431 n.33.

3

allegations against Tim Curry are true, Curry would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Curry is entitled to absolute prosecutorial immunity from any claim for monetary damages. Thus, any claims for monetary damages will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii).

Further, to the extent Shabazz is seeking some type of injunctive relief against Judge Berry and Tim Curry for their actions taken in state court, such relief is not appropriate in this suit. With regard to Judge Berry, section 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[11] Furthermore, as to both defendants, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[12] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[13] Thus,

---

[11] 42 U.S.C.A. § 1983 (West 2003).

[12] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[13] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit.*

4

the Court concludes that Shabazz's claims under 42 U.S.C. § 1983 for injunctive type relief must be dismissed under authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[14]

Therefore, any claims for monetary damages are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii), and all remaining claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and (2), and 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED January 29, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

*Ass'n*, 42 F.3d at 1490.

[14] *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at * 2-3 (E.D.La. October 17, 2006), *recommendation adopted* (December 5, 2006)("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances"), *citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).